UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

Lynn Citron and Jeffrey M. Citron,

                                    Debtors.

------------------------------------------------------------X
Liberty Mutual Insurance Company as Fiduciary for
the Bankruptcy Estate of Lynn Citron and Jeffrey
Citron,

                                    Plaintiff,

- against -

Harriet Citron,

                                    Defendant.
------------------------------------------------------------------------X

Case No. 08-71442-ast

Chapter 11

Adv. Proc. No. 09-8125-jbr

### MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS

On September 2, 2011, Defendant Harriet Citron ("Defendant") filed a motion seeking, *inter alia*, to dismiss the Complaint in this adversary proceeding ("Motion") (Docket #63), which adversary proceeding was filed on July 31, 2009. The Court directed the Plaintiff to file a response to the Motion (the "Response") and directed the Defendant to file a reply to the Response (the "Reply"). The Plaintiff filed the Response (Docket #75), and the Defendant filed the Reply (Docket #95). The Motion, Response, and Reply are under submission with the Court as of October 4, 2011. For the reasons stated herein, the Motion is DENIED.

### Background

Plaintiff commenced this adversary proceeding seeking to set aside alleged fraudulent conveyances pursuant to Section 548 of the Bankruptcy Code and Sections 273, 275, and 276 of New York Debtor Creditor Law, applicable to the proceeding under Section 544 of the Bankruptcy Code. Plaintiff also asserts a preferential avoidance claim as an alternative cause of

action under Section 547 of the Bankruptcy Code. (Docket #1)  As an affirmative defense to all claims other than those under Sections 547 and 548 of the Bankruptcy Code, Defendant has recently asserted a counterclaim as an affirmative defense, seeking an offset under New York Debtor Creditor Law for payments allegedly made for the benefit of the Debtor. (Docket #50) To date, Defendant has not filed a proof of claim in the bankruptcy case.

In the Motion, Defendant contends this Court does not have subject matter jurisdiction to adjudicate this proceeding and therefore it should be dismissed.  Defendant alternatively argues that even if this Court determines subject matter jurisdiction exists, each cause of action must be dismissed for failure to state a claim upon which relief can be granted.  Asserting its interpretation of the recent Supreme Court ruling in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), Defendant argues the claims against her all derive from or involve state law or common law claims; these claims will not be resolved in the claims allowance process because she never filed a proof of claim in the case; and therefore, a bankruptcy judge does not have the constitutional authority to determine Plaintiff's claims.

Plaintiff disagrees with Defendant's interpretation of *Stern*, and argues this Court does have subject matter jurisdiction and constitutional authority, and that the narrow ruling in *Stern* is not applicable to the facts of this proceeding. Plaintiff further argues that regardless of the interpretation of *Stern*, dismissal is not the appropriate remedy, and moreover, Defendant "consent[ed] to the entry by the Court of a final judgment" in this adversary proceeding pursuant to Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (*See* Docket # 12 p. 2).  The Court agrees with and adopts Plaintiff's arguments.[1]

---

[1] The Court notes that in the "noise" after the Supreme Court decision, one can find decisions supporting broad, narrow, and middle-of-the-road interpretations of the *Stern* ruling.  This Court chooses to accept the Supreme Court at its word and read the decision narrowly.

Brief Analysis

*Stern* concerned the constitutional authority of a bankruptcy court to enter final judgment in an adversary proceeding on a state law counterclaim. *Stern*, 131 S. Ct. at 2608. The Supreme Court's narrow holding removed from a bankruptcy court's core jurisdiction[2] a common law claim against a defendant who did not file a proof of claim in the bankruptcy case. *Id.* at 2620. In the final analysis, the counterclaim in *Stern* was "a state tort action that exist[ed] without regard to any bankruptcy proceeding" and therefore not within the constitutional authority of a bankruptcy judge to enter a final judgment. *Id.* at 2618.

Here, Defendant equates her counterclaim to that in *Stern*. She further emphasizes that because she did not file a proof of claim in the underlying bankruptcy case, the claim cannot be resolved through the claims allowance process, and therefore may not be adjudicated by this Court. Unlike the counterclaim in *Stern*, Defendant's counterclaim here is not independent of the Bankruptcy Code and it relies upon a finding of Defendant's liability pursuant to Plaintiff's claims brought under several provisions of the Bankruptcy Code. *Cf. Stern*, 131 S. Ct. at 2611, 2616.

Contrary to Defendant's assertions, *Stern* does not deprive a bankruptcy court of subject matter jurisdiction. *Id.* at 2607. The Judicial Code provides that a "bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court" for a final judgment unless the parties consent to the bankruptcy judge hearing the matter and entering the judgment. *See* 28 U.S.C. § 157(c). In this adversary proceeding, Defendant agreed Plaintiff's claims were core and consented "to the entry by [this] Court of a final judgment in the action pursuant to

---

[2] *See* 11 U.S.C. §157(b)(2). Although the text of Section 157 (b)(2)(C) of the Bankruptcy Code permitted a bankruptcy court to enter final judgments on such counterclaims, the Supreme Court held that portion of the statute was unconstitutional.

Federal Rule of Bankruptcy 7008(a)." (Docket #12, p.2)

As to the alternative relief Defendant requests to dismiss this case for failure to state a claim, the Court observes that filing of such motion on the eve of trial and after years of discovery, undermines the credibility of Defendant Harriet Citron's Motion. Applying the tests of *Iqbal* and *Twombly*, the Court finds the Complaint satisfies the standards set out by the Supreme Court. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007).

## Conclusion

The facts of this adversary proceeding do not fall within the narrow ruling of *Stern*. The claims against the Defendant and the potential counterclaim are related to the underlying bankruptcy case and are not a plain-vanilla state law counterclaim. Further, Defendant consented to this Court's adjudication of all of these matters. Therefore, the Motion is DENIED as to both the subject matter jurisdiction argument and the Rule 12(b)(6) argument.

SO ORDERED.



Dated: October 6, 2011
Brooklyn, New York

Joel B. Rosenthal
United States Bankruptcy Judge